# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUSTAVO SANCHEZ AGUILAR,** | 1:18-cv-00528-LJO-BAM |
| Plaintiff, | **DECISION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (ECF No. 4)** |
| v. | |
| **APPLIED UNDERWRITERS, INC.,** | |
| Defendant. | |

Plaintiff Gustavo Sanchez Aguilar filed this case in Fresno County Superior Court on March 19, 2018. ECF No. 1-1 at 7. On April 18, 2018, Defendant Applied Underwriters, Inc., removed the case to this Court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 2. Defendant filed a motion to dismiss the complaint on April 25, 2018. ECF No. 4. Plaintiff did not file any opposition or notice of non-opposition, and Defendant did not file a reply. Pursuant to Local Rule 230(g), the Court took this matter under submission on the papers on June 1, 2018. ECF No. 5.

Defendant asserts that this case involves the same parties and facts alleged in Plaintiff's complaint in *Gustavo Aguilar v. Applied Underwriters, Inc.* ("*Aguilar I*"), Case No. 1:17-cv-01692-LJO-SAB, which the Court dismissed without leave to amend on March 2, 2018. ECF No. 4 at 5-6. Accordingly, Defendant argues, the instant case is barred by *res judicata*. *Id*. In the alternative, Defendant argues that the complaint fails to state a claim. *Id*. at 7-10. Defendant also requests that Plaintiff be sanctioned through a declaration that Plaintiff is a vexatious litigant, a requirement that Plaintiff obtain a pre-filing order, and monetary sanctions in the amount of the attorney's fees and costs

1

Defendant has incurred in connection with this action. *Id*. at 10-11.

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). It "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009); *accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."). The court applies the doctrine whenever there is: (1) a final judgment on the merits; (2) identity or privity between parties; and (3) an identity of claims. *Tahoe–Sierra Preservation Council, Inc.*, 322 F.3d at 1077. Whether there is identity of claims is subject to a further test "transaction" test involving four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The last criteria, "whether the two suits arise out of the same transactional nucleus of facts," is the most important. *Id*. at 1202.

Defendant argues that the dismissal without leave to amend of *Aguilar I* constitutes a final judgment on the merits involving the same parties as in this case. ECF No. 4 at 6. Defendant concedes that it is difficult to determine what claim Plaintiff is alleging in this action, as it was in the prior action, but argues that both involved an alleged breach of an insurance coverage contract. *Id*. Plaintiff has filed no opposition to Defendant's motion. *See, e.g.*, *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, *3 (C.D. Cal. Oct. 6, 2011) (plaintiff's failure to oppose defendants' motion to

dismiss amounted to a concession that his claim should be dismissed); *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007) (explaining that a party "tacitly concede[d][a] claim by failing to address defendants' argument in her opposition.").

The Court finds that the elements of res judicata have been met. First, the Court dismissed Plaintiff's complaint in *Aguilar I* without leave to amend, constituting a final judgment.[1] Fed. R. Civ. P. 41(b); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005). Second, there is identity of parties, as Plaintiff and Defendant are the parties named in both cases.

Third, to the extent that the Court can discern the nature of Plaintiff's claims,[2] there appears to be an identity of claims between the two suits. Plaintiff includes many of the same exhibits as attachments to both complaints. For example, both complaints contain the same claim for disability insurance forms, the same compromise agreement and notice of hearing before the State of California Worker's Compensation Appeals Board, and the same letter from Defendant. *See* ECF No. 1-1 at 14-46; *Aguilar I*, Case No. 1:17-cv-01692-LJO-SAB, ECF No. 1-1 at 18-69. To the extent that Plaintiff is alleging that Defendant failed to extend or pay insurance coverage, the same right is being infringed. Finally, the claims both cases appear to involve the same transactional nucleus of fact, as they both seem to be based on a work-related injury sustained by Plaintiff on July 17, 2006. ECF No. 1-1 at 27; *Aguilar I*, Case No. 1:17-cv-01692-LJO-SAB, ECF No. 1-1 at 20, 33.

All three elements required for res judicata to apply have been met. Accordingly, the Court finds that Plaintiff's claim in this case is barred, and Defendant's motion to dismiss is GRANTED. Plaintiff's complaint is dismissed without leave to amend.

Defendant requests that Plaintiff be declared a vexatious litigant and be placed under a pre-filing

---

[1] The Court takes notice of its decision in Aguilar I. *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties).

[2] The sole explanation of the claims in this action is the following statement, which is reproduced as written: "Gustavo Sanchez Aguilar of sued to the insurance Applied Underwriters looking whike being Incapasitado. I continue sacking. Continu Suspending my benefits while being disable wiih my Case OPEN January eight two thousand NINE. Continued incapasitado." ECF No. 1-1 at 15.

3

1  order. ECF No. 4 at 10-11. "District courts have the inherent power to file restrictive pre-filing orders
2  against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge,*
3  *Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.
4  1990)). The Eastern District of California has adopted the California Code of Civil Procedure as it
5  relates to vexatious litigants, without limiting the power of the Court. Local Rule 151(b). Under the
6  California Code of Civil Procedure, "a defendant may move the court, upon notice and hearing, for an
7  order requiring the plaintiff to furnish security" subject to a showing "that the plaintiff is a vexatious
8  litigant and that there is not a reasonable probability that he or she will prevail in the litigation against
9  the moving defendant." Cal. Code Civ. Proc. §391.1.

While California law provides the procedure for declaring a litigant vexatious, the federal substantive law governs the determination, as the power is derived from the All Writs Act, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty Corp*, 500 F.3d 1047, 1057 (9th Cir. 2007). Pre-filing orders are considered an extreme remedy, and should be used cautiously to avoid prejudice to a litigant's due process right of access to the courts. *Id*. Four requirements must be met before declaring a litigant vexatious and entering a pre-filing order: (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48.

The Court is not aware of any attempts by Plaintiff, apart from the instant case, to attempt to relitigate any matter. The Court observes that this matter was filed in Fresno Superior Court and removed to federal court by Defendant. While pro se litigants are responsible for knowing and following procedural rules, the Court is sensitive to the difficulty a non-lawyer may have in understanding the removal process and diversity jurisdiction. That said, HE IS NOW. Given the high bar that must be met to declare a litigant vexatious, and the nature of the conduct here, the Court declines to find that Plaintiff's actions were frivolous or harassing. Accordingly, Defendant's motion to have Plaintiff

4

declared a vexatious litigant is DENIED. For the same reasons, as well as Plaintiff's apparently indigent status, ECF No. 1-1 at 10-13, the Court declines to impose monetary sanctions or an award of attorney's fees on Plaintiff. Costs ARE awarded automatically to the prevailing party in litigation before this Court, and will not be waived due to Plaintiff's indigency.

Plaintiff is warned, however, that further attempts to litigate this claim will not be looked upon kindly, and will be dealt with expeditiously. Any further filing or attempted filing of this complaint, or a complaint alleging the same claim, will be grounds for sanctions under Federal Rule of Civil Procedure 11.

This matter is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: **June 20, 2018**            /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE